UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GREGORY A. NALEPKA,
#105291,

    Plaintiff,                                             Civil Action No. 20-CV-11130

vs.                                                      HON. BERNARD A. FRIEDMAN

LIVINGSTON COUNTY SHERIFF'S OFFICE,
ADVANCED CORRECTIONAL HEALTH CARE,
MICHAEL MURPHY, JEFFREY WARDER,
JEFF LEVEQUE, CHRISTOPHER DIEHL,
TAMMY DEMPSEY, and DEPUTY STROM,

    Defendants.
_____/

**<u>OPINION AND ORDER DISMISSING THE COMPLAINT IN PART</u>**

**<u>and</u>**

**<u>ORDER DIRECTING THE UNITED STATES MARSHAL TO SERVE DEFENDANT MICHAEL MURPHY WITH PROCESS</u>**

        Plaintiff Gregory Nalepka, a pretrial detainee at the Livingston County Jail in Howell, Michigan, has filed a pro se civil rights action pursuant to 42 U.S.C. § 1983 asserting claims concerning his conditions of confinement. The bulk of the complaint concerns the lack of sufficient precautions to prevent the spread of the coronavirus at the jail, but plaintiff also claims that defendants have violated his First Amendment right to file grievances without fear of harassment and retaliation, that they have violated his due process and equal protection rights under the Fifth and Fourteenth Amendments, and that they have violated other rights under the Michigan Constitution. Plaintiff names the Livingston County Sheriff, Advanced Correctional Health Care, Sheriff Michael Murphy, Undersheriff Jeffrey Warder, Lieutenant Jeff Leveque, Deputy Christopher Diehl, Medical Supervisor Tammy Dempsey, and Deputy Strom. He is

suing them in their official and individual capacities. Plaintiff seeks damages and injunctive relief. The Court has granted plaintiff's application to proceed in forma pauperis.

The Court is required to dismiss an in forma pauperis complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 42 U.S.C. § 1997(e)(c); 28 U.S.C. § 1915(e)(2)(B). A pro se civil rights complaint must be construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Nonetheless, a complaint must set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of this rule is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555-56 (citations and footnote omitted).

To state a claim under § 1983, a plaintiff must allege that (1) he was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States; and (2) the deprivation was caused by a person acting under color of state law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978). The complaint must also allege facts indicating that the

deprivation was intentional. *See Davidson v. Cannon*, 474 U.S. 344, 348 (1986); *Daniels v. Williams*, 474 U.S. 327, 333-36 (1986).

*Livingston County Sheriff's Office*

The first defendant plaintiff names is "Livingston County Sheriff," by which he appears to mean that county's sheriff's office, as he also names the sheriff himself. A sheriff's office is not a legal entity capable of suing or being sued. *See Rhodes v. McDannel*, 945 F.2d 117, 120 (6th Cir. 1991); *Edward v. Macomb Cty. Jail*, No. 16-CV-11596, 2016 WL 2937146, at \*2 (E.D. Mich. May 20, 2016) (citing cases for the proposition that county jails and sheriff's departments are not legal entities amenable to suit under § 1983). The complaint must therefore be dismissed as to the Livingston County Sheriff's Office.

*Grievances*

Plaintiff alleges that defendants improperly handled, responded to, and/or denied his grievances. The First Amendment guarantees "the right of the people . . . to petition the Government for a redress of grievances." While a prisoner has a First Amendment right to file grievances against prison officials, *see Herron v. Harrison*, 203 F.3d 410, 415 (6th Cir. 2000), the First Amendment does not require them to consider, respond to, or grant any relief on a grievance. *See Smith v. Ark. State Hwy. Emps., Local 1315*, 441 U.S. 463, 464-65 (1979); *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999). To the extent that plaintiff is dissatisfied with the investigation of his complaints and the responses to his grievances, he fails to state a claim upon which relief may be granted. *See Carlton v. Jondreau*, 76 F. App'x 642, 644 (6th Cir. 2003); *Proctor v. Applegate*, 661 F. Supp. 2d 743, 766-67 (E.D. Mich. 2009).

*Verbal Harassment/Retaliation*

Plaintiff also alleges that defendants verbally harassed him in retaliation for filing grievances and other complaints. Allegations of verbal harassment and threats, however, are insufficient to state a claim under § 1983. *See Wingo v. Tenn. Dep't of Corr.*, 499 F. App'x 453, 455 (6th Cir. 2012); *Ivey v. Wilson*, 832 F.2d 950, 954-55 (6th Cir. 1987). This rule includes verbal threats made in retaliation for filing grievances. *See Carney v. Craven*, 40 F. App'x 48, 50 (6th Cir. 2002). Plaintiff's allegations of verbal harassment thus fail to state a claim upon which relief may be granted under § 1983.

Plaintiff seems to also assert that defendants retaliated against him for filing grievances or making complaints. To state a retaliation claim, plaintiff must allege that (1) he engaged in protected conduct, (2) an adverse action was taken against him that would "deter a person of ordinary firmness from continuing to engage in that conduct," and (3) the adverse action was motivated by the protected conduct. *Thaddeus-X v. Blatter*, 175 F.3d 378, 395 (6th Cir. 1999). Plaintiff bears the burden of proof on all three elements. *See Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977); *Smith v. Campbell*, 250 F.3d 1032, 1038 (6th Cir. 2001).

Plaintiff fails to allege facts showing that adverse action was taken against him that would deter a person of ordinary firmness. The only alleged adverse action is verbal threats, and these do not constitute an adverse action sufficient to maintain a claim of unlawful retaliation. *See Taylor v. City of Falmouth*, 187 F. App'x 596, 600 (6th Cir. 2006); *Jackson v. Huss*, No. 1:14-CV-426, 2015 WL 5691026, at *10 (W.D. Mich. Sept. 28, 2015). Plaintiff also fails to show a casual connection between his filing of grievances or complaints and any

4

retaliatory conduct. Vague allegations are insufficient to state a civil rights claim under § 1983. Plaintiff therefore fails to state a retaliation claim.

*Equal Protection*

Plaintiff also alleges that defendants violated his equal protection rights. Prisoners are not members of a protected class for equal protection purposes. *See Jackson v. Jamrog*, 411 F.3d 615, 619, (6th Cir. 2005); *Wilson v. Yaklich*, 148 F.3d 596-604 (6th Cir. 1998). Plaintiff's equal protection claim lacks factual support. He fails to indicate how he was treated differently from others who are similarly situated. No equal protection claim is stated.

*Michigan Constitution*

Plaintiff also cites several provisions of the Michigan Constitution in his complaint, but he does not elaborate on those provisions or claims. Claims under § 1983 can only be brought for "deprivation of rights secured by the constitution and laws of the United States." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 924 (1982). Section 1983 does not provide redress for violations of state law. Consequently, to the extent that plaintiff alleges violations of the Michigan Constitution, he fails to state a claim upon which relief my be granted under § 1983. Further, the Court declines to exercise supplemental jurisdiction over any state law claims, as none are properly alleged.

*Eighth Amendment and Due Process*

Finally, plaintiff alleges that insufficient precautions to prevent the spread of the coronavirus are being taken at the Livingston County Jail. For example, he alleges that masks and gloves are not being provided or worn by staff and inmates, that inmates are not being tested for the virus before entering the jail or while incarcerated, that staff and inmates are not social

distancing, that inmates are not being provided adequate hygiene and cleaning supplies, and that mental health care has been halted at the jail due to the pandemic. As this Court has recognized in other recent cases, allegations of this nature are sufficient to state potential claims for relief under the Eighth and Fourteenth Amendments. *See, e.g., Cameron v. Bouchard*, No. 20-10949, 2020 WL 1929876 (E.D. Mich. Apr. 17, 2020); *United States v. Kennedy*, No. 18-20315, 2020 WL 1493481 (E.D. Mich. Mar. 27, 2020). The Court shall therefore permit these claims to proceed, but only as to defendant Michael Murphy. As the Livingston County Sheriff, he is the only defendant who, by statute, has the "charge and custody of the jails of his county, and of the prisoners in the same." Mich. Comp. Laws § 51.75. Plaintiff fails to allege facts showing that the other defendants are personally involved in the formation of jail policies and procedures. Accordingly,

IT IS ORDERED that the complaint in this matter is dismissed as to all of plaintiff's claims except for his Eighth and Fourteenth Amendment claims against defendant Sheriff Michael Murphy concerning the measures he allegedly has failed to take to prevent the spread of the coronavirus at the Livingston County Jail.

IT IS FURTHER ORDERED that the Clerk of Court terminate this action as to defendants Livingston County Sheriff's Office, Advanced Correctional Health Care, Undersheriff Jeffrey Warder, Lieutenant Jeff Leveque, Deputy Christopher Diehl, Medical Supervisor Tammy Dempsey, and Deputy Strom.

IT IS FURTHER ORDERED that the United States Marshal serve the remaining defendant, Livingston County Sheriff Michael Murphy, with process.

Dated: June 24, 2020
Detroit, Michigan

s/Bernard A. Friedman
Bernard A. Friedman
Senior United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on June 24, 2020.

Gregory A. Nalepka, #105291
LIVINGSTON COUNTY JAIL
150 S. Highlander Street
Howell, MI 48843

s/Johnetta M. Curry-Williams
Case Manager