UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GREGORY A. NALEPKA,
#105291,

       Plaintiff,                     Civil Action No. 20-CV-11130

vs.                               HON. BERNARD A. FRIEDMAN

LIVINGSTON COUNTY SHERIFF'S OFFICE, et al.,

       Defendants.
_____/

**OPINION AND ORDER REJECTING MAGISTRATE JUDGE'S REPORT AND
RECOMMENDATION, AND DENYING PLAINTIFF'S MOTION FOR A
TEMPORARY RESTRAINING ORDER OR PRELIMINARY INJUNCTION**

        This matter is presently before the Court on plaintiff's motion for a temporary restraining order ("TRO") or preliminary injunction [docket entry 3]. Magistrate Judge Patricia T. Morris has issued a Report and Recommendation ("R&R") in which she recommends that the Court grant plaintiff's motion. Defendant Michael Murphy, the Livingston County Sheriff, has filed timely objections to the R&R. Plaintiff has not responded to defendant's objections, and the time for him to do so has expired. Pursuant to Fed. R. Civ. P. 72(b)(3), the Court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition . . . ."

        Plaintiff, an inmate at the Livingston County Jail in Howell, Michigan, claims that defendants have violated his Eighth and Fourteenth Amendment rights by failing to take sufficient precautions to prevent the spread of the coronavirus at the jail. The Court has dismissed the remainder of plaintiff's claims. The Court has also dismissed the complaint as to all of the defendants except Murphy.

The magistrate judge correctly noted the legal standards applicable to plaintiff's motion.  She stated:

> When considering whether to issue preliminary injunctive relief, a court must balance the following four factors: (1) whether the movant has a strong likelihood of success on the merits; (2) whether the movant would suffer irreparable injury absent the injunction; (3) whether the injunction would cause substantial harm to others; and (4) whether the public interest would be served by the issuance of an injunction. *Bays v. City of Fairborn*, 668 F.3d 814, 818-19 (6th Cir. 2012). Because preliminary relief is "an extraordinary remedy," the movant must make a far more stringent showing of proof than that required to survive summary judgment. *Winger v. Nat. Res. Def. Council, Inc*., 555 U.S. 7, 24 (2008); *see Farnsworth v. Nationstar Mortg., LLC*, 569 F. App'x 421, 425 (6th Cir. 2014). "Although no one factor is controlling," a movant who cannot demonstrate likelihood of success on the merits typically cannot attain preliminary relief. *Gonzales v. Nat'l Bd. of Med. Exam'rs*, 225 F.3d 620, 625 (6th Cir. 2000). Even so, plaintiffs need not present an "overwhelming" showing of potential success on the merits in order to prevail in their motion. *Sellers v. Univ. of Rio Grande*, 838 F. Supp. 2d 677, 679 (S.D. Ohio 2012). "[W]here a prison inmate seeks an order enjoining state prison officials, the court is required to proceed with the utmost care and must recognize the unique nature of the prison setting." *Sango v. Wakley*, No. 1:14-cv-703, 2014 WL 3894652, at *2 (W.D. Mich. Aug. 8, 2014).

Am. R&R at 5-6.  *See also Wilson v. Williams*, 961 F.3d 829, 837 (6th Cir. 2020) (noting that of the four factors "the likelihood of success on the merits often will be the determinative factor" and that it is plaintiff's burden to demonstrate his entitlement to relief).  The magistrate judge has recommended that plaintiff's motion be granted based on his allegations that jail personnel and inmates are not wearing masks or gloves and that inadequate measures are being taken to sanitize surfaces or to test incoming inmates.  The magistrate judge did not have the benefit of any evidence or argument to the contrary because, at the time she issued her R&R, none of the defendants had been served with process or with a copy of plaintiff's motion.

2

In the interim, however, defendant Murphy has been served with these documents and he has filed extensive objections.  Of particular relevance is an affidavit of the jail administrator, Tarneseis Pringle, that is attached to defendant's objections as Exhibit 1.  She avers:

> 4. That on a daily basis, I am inside the jail to ensure compliance with the jail's policies and procedures which include:
>
>> a. That before a detainee can enter the facility, the detainees are screened at the sally port-garage by asking them health-related questions and taking their temperatures;
>>
>> b. If a detainee's answers to the screening questions or if any symptoms are mentioned or noted which raise concerns, jail medical staff from Advanced Correctional Health Care assesses the detainee and determines whether the detainee will be sent to a hospital or quarantined at the jail;
>>
>> c. Since early April of 2020, the jail automatically quarantines for two weeks all new detainees admitted into the jail;
>>
>> d. The jail has available both medical cells and additional cells that it sets aside for quarantine use;
>>
>> e. That the jail has taken steps to reduce the number of new detainees entering the jail, new detainees are typically limited to new local arrests for felonies and serious misdemeanors;
>>
>> f. That as of the last week in March, the jail canceled all in-person visits, both social and attorneys for detainees, any visits are being conducted by video;
>>
>> g. That as of April 13, 2020, the jail has issued face masks to detainees;
>>
>> h. That as of the week of April 13, there were no known COVID-19 patients until June 15, 2020;

3

i. That the inmate that had COVID-19 was immediately quarantined;

j. That beginning the week of April 13, 2020, extra cleaning is being performed inside the jail including continuously wiping down the surfaces of the jail;

k. The use of two Kaivec cleaning machines;

l. That detainee cells are cleaned on a daily basis;

m. That UV lights are used to disinfect masks;

n. That the jail limits entry into the detainee population to staff and essential employees who must report any symptoms of infection and are prohibited from coming into work if they show any signs of symptoms related to COVID-19;

o. That as of the week of April 6, 2020, all jail staff must wear a mask when inside the detainee areas;

p. That any jail trustees and staff inside the jail kitchen must wear masks while inside the kitchen or serving meals;

q. All social programs for detainees have been temporarily canceled so as to assist with social distancing for the detainees.

5. In addition to adopting the above-mentioned policies, attached hereto as Exhibit A is an inter-office memo from myself to the correctional staff dated March 28, 2020, outlining the jail's compliance with Governor Whitmer's Executive Order 2020-29 and how the jail was going to comply with Governor Whitmer's Executive Order.

6. That I do enter the jail to monitor compliance with these requirements, and the jail personnel are complying with these policies.

\*   \*   \*

8. That all inmates have access to soap as well as masks.

4

Def.'s Obj., Ex. 1.

In light of these averments, which plaintiff has not challenged, the Court concludes that plaintiff has failed to show that he is likely to succeed on the merits of his Eighth or Fourteenth Amendment claim.  To prevail, plaintiff must demonstrate that he is being subjected to an unreasonable risk to his health or safety and that defendants have been deliberately indifferent to that risk.  *See Wilson*, 961 F.3d at 839-40 (citing *Farmer v. Brennan*, 511 U.S. 825, 834-37 (1994)).  Plaintiff filed the instant motion on April 2, 2020.  According to Jail Administrator Pringle, there were no COVID-19 cases at the jail at that time or at any time until approximately ten weeks later.  Pringle also indicates that beginning in early to mid April, masks were available to inmates, staff were required to wear masks, and an extensive sanitizing protocol was in place.  It therefore seems quite unlikely that plaintiff was being subjected to an unreasonable risk of exposure to the coronavirus at the time he filed his motion for emergency injunctive relief.

It is even more unlikely that defendants were being deliberately indifferent to plaintiff's health or safety.  As noted, a number of jail policies were put into place in early to mid April, at the time the instant motion was filed and shortly thereafter, that were intended to protect staff and inmates from exposure to the virus and to prevent the spread of infection. These policies included screening and quarantining incoming inmates, limiting the number of new inmates, eliminating in-person visitation and social programming, providing all inmates with face masks and soap, cleaning surfaces and cells continuously or daily, disinfecting masks, requiring staff to wear masks in detainee areas, requiring inmates and staff to wear masks while in the kitchen or while serving meals, and ensuring compliance with the governor's executive

order. Just as in *Wilson*, the Court finds it unlikely that plaintiff will "succeed on the merits of [his] Eighth Amendment claim because . . . [defendant] responded reasonably to the known, serious risks posed by COVID-19." *Wilson*, 961 F.3d at 840. In *Wilson*, the Bureau of Prisons ("BOP") implemented measures quite similar to those described by Jail Administrator Pringle, "including screening for symptoms, educating staff and inmates about COVID-19, cancelling visitation, quarantining new inmates, implementing regular cleaning, providing disinfectant supplies, and providing masks." *Id.* at 841. Given these measures, the court of appeals concluded

> that petitioners have not provided sufficient evidence to show that the BOP was deliberately indifferent to the serious risk of harm presented by COVID-19 at Elkton. This conclusion is dispositive. "[O]ur cases warn that a court must not issue a preliminary injunction where the movant presents no likelihood of merits success." *Daunt v. Benson*, 956 F.3d 396, 421–22 (6th Cir. 2020) (quoting *La.-Pac. Corp. v. James Hardie Bldg. Prod., Inc.*, 928 F.3d 514, 517 (6th Cir. 2019)); *see also Cooey v. Strickland*, 604 F.3d 939, 946 (6th Cir. 2010). The district court erred in holding that petitioners had demonstrated a likelihood of success on their Eighth Amendment claim.

*Id.* at 844.

The Court reaches the same conclusion in the present case. Plaintiff has failed to show that he is likely to succeed in demonstrating that defendant has been deliberately indifferent to the risk posed by the coronavirus. Plaintiff has also failed to show that he is likely to succeed in demonstrating that he was subjected to an unreasonable risk to his health or safety at the time he filed the instant motion or at any time thereafter. Accordingly,

IT IS ORDERED that Magistrate Judge Morris' R&R and amended R&R are rejected.

IT IS FURTHER ORDERED that plaintiff's motion for a TRO or preliminary injunction is denied.

s/Bernard A. Friedman
Bernard A. Friedman
Dated: August 3, 2020            Senior United States District Judge
Detroit, Michigan

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 3, 2020.

Gregory A. Nalepka, #105291            s/Johnetta M. Curry-Williams
LIVINGSTON COUNTY JAIL            Case Manager
150 S. Highlander Street
Howell, MI 48843

7